USCA1 Opinion

 

 March 29, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1005 UNITED STATES, Appellee, v. JOSEPH LUSSIER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Joseph Lussier on brief pro se. ______________ Loretta C. Argrett, Assistant Attorney General, Robert E. ____________________ ___________ Lindsay, Alan Hechtkopf, Michael E. Karam, Attorneys, Tax Division, _______ _______________ _________________ Department of Justice, and Sheldon Whitehouse, United States Attorney, __________________ on brief for appellee. ____________________ ____________________ Per Curiam. Appellant was adequately advised of his ___________ right to proceed pro se and his right to an appointed attorney.1 He was further properly told that unless he waived the latter right, he would not be permitted to proceed pro se and an attorney would be appointed. Tuitt v. Fair, ______________ 822 F.2d 166, 167 (1st Cir.) (trial court may "insist that the right to go pro se be conditioned upon an express and unequivocal waiver of counsel"), cert. denied, 484 U.S. 945 ____________ (1987). Appellant refused to waive his right to counsel. Consequently, the district court did not err in appointing counsel for him. Moreover, the district court did not abuse its discretion in refusing to permit Peter Van Daam to sit at counsel table, United States v. Lussier, 929 F.2d 25, 28 (1st ________________________ Cir. 1991) ("no infirmity in the district court's exclusion of lay counsel from the proceedings"), or in not requiring appointed counsel to consult with Van Daam. We have considered all of defendant's arguments and do not find any merit in his appeal. Affirmed. See 1st Cir. R. 27.1. ________ ___  ____________________ 1. In referring to appellant's right to be represented by an attorney, the district court at some times used the word "counsel" and at other times "attorney." The words were interchangeable in the particular context. To the extent appellant is contending otherwise, we find the argument specious.